UNITED STATES DISTRICT COURT
NORTHERN DISTRICT INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DONALD ISSA, | ) |
| Plaintiff | ) ) ) |
| v. | ) CASE NO. 1:05-CV-394-TS ) |
| PRIORITY TRANSPORTATION, LLC, | ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's motion to remand, filed on December 9, 2005. The Plaintiff filed his Complaint in Allen Superior Court on September 26, 2005, and served his Complaint on the Defendant on October 13, 2005. The Defendant filed its notice of removal in this Court on November 10, 2005. On the same day, the Defendant's attorneys filed notices of appearance and applications to appear *pro hac vice*. On November 15, 2005, the Court granted the applications to appear *pro hac vice*. The parties agree that, under the Federal Rules of Civil Procedure, the notice of removal had to be filed by November 14, 2005.

The Plaintiff argues that remand is required because the Defendant failed to comply with the requirements of 28 U.S.C. § 1446. Specifically, the Plaintiff states that the Defendant failed to follow the following three requirements: first, the notice of removal was not signed pursuant to Rule 11 as required by § 1446(a) because the Defendant's attorneys were not granted permission to appear pro hac vice until November 15; second, "all process, pleadings and orders" served upon the Defendant were not filed with the notice of removal as required by § 1446(a); third, the Defendant did not promptly file a copy of the notice with the clerk of the state court.

Section 1446 states the procedures a defendant must follow when removing a case to federal court, including the requirements that "a defendant . . . shall file in the district court . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure" along with "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1146(a). Also, § 1146(b) requires the notice of removal to be filed within thirty days of receipt by the defendant of a copy of the initial pleading. Promptly after filing a notice of remand, a defendant must file a copy of the notice with the state court. § 1146(d).

The Supreme Court stressed that the removal statutes are to be strictly construed because "[d]ue regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). Generally, procedural defects in a notice of removal may be cured within the thirty day limit, but not after the thirty day limit has expired. *Macri v. M & M Contractors, Inc.*, 897 F. Supp. 381, 384 (N.D. Ind. 1995). However, the time limit is not jurisdictional, and remand is not required if the procedural defect is a curable technicality that does not "go to the heart of jurisdiction." *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir. 1993). "[T]he Court need not slavishly adhere to that limit if circumstances so justify. *Eltman v. Pioneer Comm'ns of Am., Inc.*, 151 F.R.D. 311, 315 (N.D.Ill. 1993).

The Plaintiff argues that *Macri* stands for the proposition that any procedural defect, no matter how minor or inconsequential, requires the case be remanded. *Macri* involved a correction to a defective notice of removal over two weeks after the thirty day deadline had expired. The court correctly held that under the circumstances of that case, strict application of the thirty day deadline

2

required remand. If *Macri* held that a procedural defect in a notice of removal required remand under all circumstances, such a holding could not be squared with the holdings of *Shaw* and *Eltman*, which allowed a defendant to cure a procedural defect in a notice of removal after the expiration of the thirty day deadline when the procedural defect was a curable technicality that did not "go to the heart of jurisdiction." *Shaw*, 994 F.2d at 369.

The Plaintiff argues that *Shaw* and *Eltman* are distinguishable because they do not involve the procedural defects claimed here. However, the Plaintiff does not explain and the Court does not see why the procedural defects involved in those cases—failure to explain why other defendants did not consent to removal—should be treated differently from the procedural violations here. It would serve no purpose and only confuse matters by adopting different standards for different procedural defects.

The Defendant sent the Complaint in the mail on November 11, 2005, and mailed the applications for permission to appear *pro hac vice* on November 3, 2005. On November 15, 2005, the complaint was filed with this Court and the Defendant's attorneys were approved to appear *pro hac vice*. Though the notice of removal had to be filed and any defects cured by November 14, the Court will not hold against the Defendant the facts that the *pro hac vice* applications were approved and that the Complaint was received and filed one day late. The Defendant's error was failing to account for the time it would take the Court to file the Complaint and approve the applications to appear *pro hac vice*. The Court recognizes that the time limit is to be strictly applied, but here, the Plaintiff has suffered no harm and the procedural defects are insubstantial and not due to bad faith. Both defects were cured and neither of the cured defects had anything to do with jurisdiction. These circumstances do not require remand.

3

The Defendant has not filed "all process, pleadings, and orders served upon such defendant," but such filing is not necessary. As stated by the court in *Boxdorfer v. Daimlerchrysler Corp.*, 396 F. Supp. 2d 946, 951 (C.D. Ill. 2005): "The failure to attach such documents is not jurisdictional and will not result in remand as long as sufficient documents are attached to show the basis for jurisdiction." *Id.* Here, the Defendant has filed the original complaint, albeit one day late, and the Plaintiff has not argued that the other omitted documents are relevant for determining whether jurisdiction is present.

The Plaintiff also argues that the Defendant did not promptly file the notice of removal in state court as required by § 1146(d). Because the Defendant's attorneys have not been admitted to appear before the state court, the Plaintiff concludes their filings have no effect. The Court rejects this argument. Section 1146 states only that the notice of removal must be filed with the state court. The Defendant sent the notice of removal to be filed with the state court. The Plaintiff's Exhibit 6 shows the state court has recognized the notice of removal and issued an order requiring the Defendant to report whether this Court accepts jurisdiction. (Pl. Ex. 6; DE 15.) Also the Court does not see what purpose the Plaintiff's interpretation of § 1146(d) would serve. The purpose of the notification requirement is to "inform the state . . . judge that he can no longer proceed with the case until the federal court decides whether it will retain jurisdiction or not." *Linden v. Chase Manhattan Corp.*, 52 F. Supp. 2d 387, 388 (S.D.N.Y. 1999). It appears that the Defendant's filing in state court achieved this purpose. It would be a more difficult case if a state's rules prohibited recognition of notices of removal filed by attorneys not admitted to practice before the court. However, this does not appear to be the case here. Because the Defendant promptly filed the notice of removal with the state court and the notice has been recognized, the Defendant has complied with the requirements

4

of § 1146(d).

For the reasons stated, the Plaintiff's motion to remand and motion to strike [DE 15 & 16] are DENIED.

SO ORDERED on February 7, 2006.

                                                  /s/ Theresa L. Springmann
                                                  THERESA L. SPRINGMANN
                                                  UNITED STATES DISTRICT COURT