UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DONALD ISSA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:05-CV-394-TS |
| ) | |
| PRIORITY TRANSPORTATION, LLC, ) | |
| ) | |
| Defendant. ) | |

PURSUANT TO COURT ORDER DATED 8/25/06, THIS ORDER IS VACATED INSOFAR AS IT RELATES TO STRIKING PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO RECONSIDER.  OTHERWISE, ORDER STANDS AS WRITTEN AND ITS HOLDING REGARDING DEFENDANT'S MOTION TO RECONSIDER REMAINS UNCHANGED.

**OPINION AND ORDER**

On July 7, 2006, the Court issued an Opinion and Order denying the Defendant's Motion to Change Venue and Motion to Dismiss. On July 20, the Defendant filed a motion requesting that the Court reconsider its decision regarding the Defendant's Motion to Dismiss. The Defendant insists that the Court wrongly ruled that Indiana, not Michigan, law applies to this case. The Plaintiff filed a Response after the August 4 deadline provided by the local rules. *See* L.R. 7.1 (Unless the court otherwise directs, or as otherwise provided in L.R. 56.1, an adverse party shall have fifteen (15) days after service of a motion in which to serve and file a response."). Since the Court had warned the Plaintiff in its previous Order against late filing and set out the consequences for noncompliance, *see* DE 32, the Response will be stricken as tardy. The Court will not consider it in this opinion.

**A. Motion to Reconsider Standard**

Although motions for reconsideration are not specifically authorized by the Federal Rules of Civil Procedure, the Seventh Circuit and this district apply Rule 59(e) standards to these motions. *Wagner v. Nutrasweet Co.*, 873 F. Supp. 87, 101–02 (N.D. Ill. 1994); *see also Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 n.9 (N.D. Ill. 1988). The Seventh Circuit has

discussed the role of the motion to reconsider:

> A motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citations omitted).

However useful motions for reconsideration may be, the problems that justify such motions "rarely arise and the motion to reconsider should be equally rare." *Id.* Motions for reconsideration "are not at the disposal of parties who want to 'rehash' old arguments . . . and such motions are not appropriate vehicles for introducing evidence that could have been produced prior to the entry of judgment or for tendering new legal theories for the first time." *Wagner*, 873 F. Supp. at 101–02 (citations omitted).

**B. Application of the Standard**

In its motion to reconsider, the Defendant argues that the Court wrongly decided that Indiana law applies to the Plaintiff's negligent hiring and retention claim. In addition, the Defendant is under the impression that the Court has construed the Complaint as alleging two counts, a claim for respondeat superior and a claim for negligent hiring and retention.

The Defendant offers no new arguments or case law regarding its contention that Michigan law controls the entire case. Therefore, the Court affirms its previous opinion. The Court only adds that it has not construed the Complaint as alleging both respondeat superior and negligent hiring and retention claims. Respondeat superior is not a basis for liability but a term of art describing a

mechanism by which an employer is liable for its employee's acts. *See* Black's Law Dictionary 1313 (7th ed. 1999). The basis for the Defendant's liability, as it is alleged in the Complaint, is its negligent hiring and retention of Christopher Peterson, who caused the car accident with the Plaintiff. (*See* Compl., ¶ 9 ("The negligence of [the Defendant] in its hiring, retention, and supervision of Christopher Peterson was a proximate cause of the injuries suffered by [the Plaintiff].")) Peterson's failure to obey Michigan traffic laws, although a necessary prerequisite fact for establishing the Defendant's liability, is secondary to the Defendant's negligent hiring and retention claim. The Court does not consider Peterson's alleged fault for the accident as a separate claim on which the Defendant may be held liable. Rather, Peterson's failure to follow Michigan traffic laws is relevant only as it manifests the injury brought about by the Defendant's negligence in hiring and retaining Peterson. Thus, while the fact finder preliminarily would rely upon Michigan traffic laws to determine whether Peterson was at fault for the accident, these laws do not control the substance of the case, which is the alleged negligent hiring and retention that took place in Indiana.

Had the Plaintiff sued the Defendant for Peterson's negligence only, Michigan law would have controlled that claim and would have precluded it. However, the Plaintiff sued the Defendant for negligent hiring and retention, which, as explained in the Court's previous Order, is controlled by Indiana law. He can proceed with this claim.

## CONCLUSION

Disregarding the Court's earlier admonition, the Plaintiff filed a belated Response to the Defendant's Motion to Reconsider. Accordingly, that Response is stricken.

3

In its Motion to Reconsider, the Defendant did not advance any new facts or law so as to require any change to the Court's July 7, 2006, Order. Therefore, its Motion [DE 34] is denied.

SO ORDERED on August 22, 2006.

    S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT